UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL L. HANNA, JR.,

       Plaintiff,

vs.                               Case No. 04-CV-70287
                                   HON. GEORGE CARAM STEEH

E.I. du PONT de NEMOURS AND COMPANY, INC.,

       Defendant.

_____/

## ORDER DENYING DUPONT'S MOTION FOR RECONSIDERATION AND ALTERNATIVE REQUEST FOR § 1292 CERTIFICATION FOR AN INTERLOCUTORY APPEAL (#55), AND DENYING REQUEST TO STAY PROCEEDINGS

Defendant E.I. du Pont de Nemours and Company ("DuPont") moves for reconsideration of this court's June 13, 2006 Order denying in part DuPont's motion for summary judgment as to plaintiff Samuel Hannah's claims of race discrimination and retaliation in violation of the Elliott-Larsen Civil Rights Act ("ELCRA"), M.C.L. §§ 37.2101, et seq.. In the alternative, DuPont also asks for certification under 28 U.S.C. § 1292(b) for an immediate interlocutory appeal to the Sixth Circuit Court of Appeals.

Generally, and without restricting the court's discretion, the court will not grant a motion for reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been mislead but also show that correcting the defect will result in a different disposition of the case. E.D. Mich. LR

7.1(g)(3).

DuPont's motion for reconsideration merely presents the same issues ruled upon by the court in denying DuPont's motion for summary judgment of Hannah's ELCRA race discrimination claims. DuPont again argues that, construing the record in a light most favorable to Hannah, a reasonable jury could not conclude that: (1) Hannah was qualified for his position as a Site Buyer; (2) Hannah's supervisor Gellar treated Hannah harsher than Caucasian Site Buyers; (3) the decision to discharge Hannah was tainted by racial animus; (4) DuPont itself considered DuPont employees Reed, Muylaert, and Piazza to be employees similarly situated with Hannah; or (5) Gellar or Ballew knew before Hannah was discharged that Hannah had complained of racial discrimination. DuPont asserts that the court erred as a matter of law in applying the rule for determining "similarly situated" employees, and by improperly invading DuPont's business judgment.

DuPont's argument that a jury could not conclude that Hannah, a 29-year employee, was qualified for the position of Site Buyer is not well taken. A jury could conclude on this record that Hannah remained qualified for the Site Buyer position, and that Dupont's asserted reason for discharging Hannah - that Hannah was no longer "qualified" because he had unilaterally changed the terms of certain vendor contracts - was not the actual reason motivating Hannah's discharge or was insufficient to justify his discharge. Town v. Michigan Bell Telephone Co., 455 Mich. 688, 697, 568 N.W.2d 64 (1997); Dubey v. Stroh Brewery Co., 185 Mich. App. 561, 565-66, 462 N.W.2d 758 (1990). With respect to harsh treatment administered by Gellar, Gellar never acted inappropriately or offensive towards her subordinates Geers and Wade, as they each attested, whereas Hannah attested that Gellar, on numerous occasions, yelled and screamed at him in front of other employees,

and on one occasion threw files at him.  As to record evidence construed in a light most favorable to Hannah that would allow a jury to conclude that Gellar's alleged racial animus tainted the decision-making process, the court reiterates that: (1) Hannah testified he complained to Mosley about Gellar's racial discrimination in August 2003; (2) Mosley, Gellar, Landis, and Ballew were privy to their own discussions involving Hannah's complaints, raising a legitimate inference that Gellar, Landis, and Ballew also knew Hannah had complained of racial discrimination; (3) Gellar confronted Hannah immediately after learning of Hannah's discrimination complaint and was angry that Hannah had complained to management; (4) Gellar herself thereafter initiated a fact-gathering process on September 5, 2003; (5) Gellar was made a member of an "Investigation Team" which included Ballew on September 8, 2003; (6) Hannah's contractual authority was revoked seven days later on September 15, 2003 following a review of investigative findings; and (7) based on the investigation lead by Gellar, a "Termination Meeting" was held with Hannah on September 24, 2003.  The Team's discharge recommendation was reviewed by a "Peer Review Panel" and found to be consistent as compared to the treatment of Reed, Muylaert, and Piazza.  Notwithstanding Dupont's designation of Ballew as the "decisionmaker" and the "Peer Review Panel" as an independent body responsible for determining disciplinary consistency, a reasonable jury could conclude that Gellar's direct involvement in the investigation improperly tainted the decision-making process. Christian v. Wal-Mart Stores, Inc., 252 F.3d 862, 877 (6th Cir. 2001); Wilson v. Stroh Cos., 952 F.2d 942, 946 (6th Cir. 1992);  Dey v. Colt Construction & Development Co., 28 F.3d 1446, 1458-59, 1459 n. 2 (7th Cir. 1994); Shager v. Upjohn Co., 913 F.2d 398 (7th Cir. 1990). The court did not err in ruling that remaining genuine issues of material fact preclude

granting summary judgment in favor of DuPont as to Hannah's ELCRA race discrimination claims.

The court correctly applied the standard for determining "similarly situated" employees as articulated in <u>Ercegovich v. Goodyear Tire & Rubber Co.</u>, 154 F.3d 344, 352 (6th Cir. 1998). The "Peer Review Panel" itself considered Reed, Muylaert, and Piazza to be employees in situations comparable to Hannah. The court did not improperly invade Dupont's "business judgment" in noting that the nature of the contract changes made by Hannah, absent evidence that Hannah profited from the changes or that DuPont suffered any loss from the changes, could be considered by a jury in deciding whether the reasons given for Hannah's discharge were merely a pretext for unlawful race discrimination. <u>Town</u>, 455 Mich. at 697; <u>Dubey</u>, 185 Mich. App. at 565-66; <u>Reeves v. Sanderson Plumbing Products, Inc.</u>, 530 U.S. 133, 148 (2000).

DuPont merely raises the same issues ruled upon by the court in the June 13, 2006 Order, and fails to demonstrate palpable error. DuPont's request for this court's certification of an immediate interlocutory appeal based upon purely legal issues that, if resolved by the Sixth Circuit, might materially advance the ultimate termination of this lawsuit, is not well taken. DuPont's instant motion raises several questions of fact that must be resolved by a jury, and only two purely legal issues: the appropriate test for determining whether employees are "similarly situated," and the application of the "business judgment" rule. It has long been understood that 28 U.S.C. § 1292(b) "is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation." <u>Krause v. Bd. of Kent County Road</u>

4

Commissioners, 364 F.2d 919, 922 (6th Cir. 1966) (quoting Milbert v. Bison Laboratories, 260 F.2d 431, 433 (3rd Cir. 1958)).  This is not one of those exceptional cases.

DuPont's motion for reconsideration is hereby DENIED.  DuPont's request for certification of an immediate interlocutory appeal under § 1292(b) is also hereby DENIED.  DuPont's motion for a stay of proceedings is DENIED.

SO ORDERED.

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

Dated:  July 25, 2006

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on July 25, 2006, by electronic and/or ordinary mail.

s/Marcia Beauchemin  
Deputy Clerk