# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Samuel L. Hannah, Jr.,            Hon. George Caram Steeh
                                         Case No. Case No. 04-70287

       Plaintiff,

vs.

E. I. du Pont de Nemours and Company, Inc.,
a Delaware corporation,

       Defendant.

---

| | |
|---|---|
| Thomas E. Marshall (P30633) | Louis Theros (P42970) |
| Thomas E. Marshall, P.C. | Ryan K. Mulally (P61699) |
| Counsel for Plaintiff | Dickinson Wright PLLC |
| 715 East South Boulevard, Suite 100 | Counsel for Defendant |
| Rochester Hills, Michigan 48307 | 500 Woodward Avenue, Suite 4000 |
| (248) 829-3360 | Detroit, Michigan 48226 |
| tmarshall@lawofficesoftmarshall.com | (313) 223-3500 |
| | ltheros@dickinsonwright.com |
| | rmulally@dickinsonwright.com |

---

## JOINT FINAL PRETRIAL ORDER

     At a session of said Court, held in the Federal Court Building, City of Detroit, County of Wayne, State of Michigan on <u>September 7, 2006.</u>

     PRESENT: HON.<u>   George Caram Steeh   </u>
                             U.S. District Judge

1

Counsel for Plaintiff Samuel L. Hannah, Jr. ("Plaintiff") and for Defendant E. I. du Pont de Nemours and Company, Inc. ("Defendant") submit the following proposed Joint Final Pretrial Order in the above-captioned matter.

**1.     Jurisdiction**

Jurisdiction of Plaintiff's state law claims is based upon diversity of citizenship.

**2.     Plaintiff's Claims**

Plaintiff, who had been employed by Defendant for almost 30 years, alleges that Defendant discriminated and retaliated against him because of his African American race and his complaint that he was being discriminated against by disciplining him more harshly than similarly situated white persons were disciplined for the same alleged misconduct. Specifically, Plaintiff alleges that he was falsely accused by his supervisor, Sofya Geller, of falsifying records and discharged for that reason, while several white persons who actually falsified records were not discharged.

**3.     Defendant's Claims**

Plaintiff was employed as a Site Buyer at the Defendant's facility in Mt. Clemens, Michigan. In this position, Plaintiff was responsible for entering into contracts with outside vendors who provided services and supplies to DuPont. Plaintiff was discharged in September 2003 for admittedly engaging in extensive falsification of vendor contracts that exposed DuPont to potential liability, differences in pricing, and a lack of necessary supplies and services.

Plaintiff alleges that his discharge from DuPont was based upon race discrimination and retaliation under the Elliott-Larsen Civil Rights Act ("ELCRA"). Each of Plaintiff's claims lack merit. With respect to his race discrimination claim, Plaintiff admits that he never heard anyone at DuPont utter a racial remark, and his allegations against his supervisor, Sofya Geller, constitute, at best, mere personality conflicts that are not actionable as race discrimination, particularly when the

supervisor treated Plaintiff's Caucasian co-workers in the same manner that she treated him. Plaintiff also cannot identify any similarly situated employees who engaged in falsification of records who were treated differently than he was treated by DuPont management.

With respect to his retaliation claim, Plaintiff cannot establish that the person who made the decision to terminate his employment, Stephen Ballew, was aware of any of his alleged complaints of race discrimination. Moreover, DuPont fully investigated Plaintiff's claims against his supervisor pursuant to its policies and concluded that they lacked merit. Finally, Plaintiff's admission that he falsified vendor contracts serves as a legitimate, nondiscriminatory and non-retaliatory reason for his discharge.

4. **Stipulation of Facts**

   (a) Plaintiff began his employment at DuPont's Mt. Clemens facility in September 1986. Plaintiff's seniority was bridged to June 1974, the date he commenced employment with DuPont's predecessor at the Mt. Clemens facility.

   (b) Beginning in 1995, Plaintiff served as a Site Buyer, an exempt non-production position in DuPont's Purchasing Department. As a Site Buyer, Plaintiff was responsible for entering into contracts with outside vendors for services and products for DuPont. The process involves a Site Buyer preparing and signing a proposed contract for services or supplies which is forwarded to the vendor for review. If the terms are acceptable to the vendor, it executes the contract. The vendor must then return the signed contract to the Site Buyer, thereby creating a binding contract for services or supplies.

   (c) Beginning in October 2001, Sofya Geller became Plaintiff's supervisor.

5. **Issues of Fact to be Litigated**

   **Plaintiff**

   (a) Whether Sofya Geller initiated an investigation of Plaintiff because she received a complaint about Plaintiff as she has alleged or alternatively, whether Ms. Geller initiated an investigation of Plaintiff because of his race or because he had complained that she was discriminating against him.

3

(b) Whether other employees who actually falsified records received more favorable treatment than Plaintiff, who denies having falsified records.

(c) Whether Plaintiff was similarly situated to the white employees who falsified records, but who were not discharged.

(d) Whether Plaintiff's discharge was related to his race or his complaint that he was being discriminated against.

(e) Whether after Plaintiff was discharged there were jobs available which were similar to the job Plaintiff had with Defendant but for which he failed to apply.

**Defendant**

(a) Whether Plaintiff's race was a motivating factor in the decision to terminate Plaintiff's employment with DuPont.

(b) Whether retaliation was a motivating factor in the decision to terminate Plaintiff's employment with DuPont.

(c) Whether the employees to whom Plaintiff compares himself were similarly situated (if applicable).

(d) Whether Sofya Geller and Stephen Ballew had knowledge that Plaintiff had ever asserted any claim of mistreatment based upon race.

(e) Whether Plaintiff engaged in protected activity.

(f) Whether Plaintiff was qualified for the Site Buyer position at the time of his discharge.

(g) The amount of Plaintiff's damages, if any.

(h) Whether Plaintiff made reasonable efforts to mitigate his purported damages.

6. **Issues of Law to be Litigated**

**Plaintiff**

(a) Whether Plaintiff established a *prima facie* case of racial discrimination and retaliation.

(b) Whether Plaintiff presented evidence of pretext sufficient to support an inference of unlawful discrimination because of race.

    (c)    Whether Plaintiff presented evidence of a causal connection between his complaint of racial discrimination and Sofya Geller's initiation of an investigation of Plaintiff.

    (d)    Whether Defendant's liability for racial discrimination and/or retaliation may be based upon the acts of Sofya Geller even if the decision to discharge Plaintiff was made by someone other than Ms. Geller.

**Defendant**

    (a)    Whether Plaintiff established a *prima facie* case of race discrimination and whether Plaintiff has demonstrated that DuPont's legitimate, nondiscriminatory reason for his discharge was a pretext for race discrimination.

    (b)    Whether Plaintiff established a *prima facie* case of retaliation and whether Plaintiff has demonstrated that DuPont's legitimate, non-retaliatory reason for his discharge was a pretext for retaliation.

    (c)    Whether the employees to whom Plaintiff compares himself were similarly situated as a matter of law (if applicable).

    (d)    Whether Plaintiff engaged in protected activity.

    (e)    Whether Plaintiff was qualified for the Site Buyer position at the time of his discharge.

**7.**    **Evidence Problems Likely to Arise at Trial**

    **Plaintiff**

    (a)    Plaintiff will object on grounds of relevance and undue prejudice to evidence of prior misconduct by Plaintiff which has not been alleged to be related to Plaintiff's discharge.

    **Defendant**

Prior to trial, Defendant will be filing a motion in limine addressing the following testimony and/or evidence:

    (b)    Plaintiff should be precluded from relying upon evidence pertaining to individuals who are not similarly situated to him.

    (c)    Plaintiff should be precluded from offering evidence of alleged discrimination or retaliation against other employees.

(d) Plaintiff should not be permitted to rely upon hearsay comments.

(e) Plaintiff should be precluded from offering evidence or testimony regarding comments that constitute inadmissible stray remarks.

(f) The initial determination of the appropriateness of economic damages in the form of back pay and front pay is an issue of law for the Court to decide.

(g) Plaintiff should be precluded from relying upon evidence pertaining to his breach of contract/wrongful discharge claim previously dismissed by the Court.

(h) Plaintiff should be precluded from seeking more than nominal damages for alleged emotional distress caused by his discharge.

(i) Plaintiff should be precluded from invading DuPont's business judgment.

(j) Plaintiff should be precluded from offering testimony or other evidence related to his age, his seniority with DuPont, and his purported proximity to receiving his pension.

**8. Witnesses**

**Plaintiff's Witnesses**

**Will Call:**

(a) Samuel Hannah

(b) David Mosley

(c) Lori Smith

(d) Tina Crayton

(e) Sofya Geller

(f) Dennis York

(g) Deshun Martin

(h) Thomas Earegood

(i) Rebuttal and/or impeachment witnesses as necessary

6

    (j)   Any witness on Defendant's Will or May Call Witness List

    **[Defendant objects to this listing]**

**Defendant's Witnesses**

**Will Call:**

    (a)   Samuel Hannah, Jr.

    (b)   Steve Ballew

    (c)   Sofya Geller

    (d)   David W. Mosley

    (e)   Lori Smith

    (f)   Jim Brown

    (g)   Ed Wade

    (h)   Al Geers

**May Call:**

    (i)   Scott Landis

    (j)   F. Marc Holman

    (k)   Tim Perry

    (l)   Tina Crayton

    (m)   Darion Johnson

    (n)   Robert Munger

    (o)   Thomas Earegood

    (p)   Deshun Martin

    (q)   Paul Nickel

    (r)   Ernest Dankert

- (s) John Wortman

- (t) Representative and/or keeper of records for those vendors whose accounts were serviced by Samuel Hannah, Jr., including:

    Liftech Handling Co.

    Industrial Services of Rochester

    Optimation Technology, Inc.

    O'Connell Electric Co.

    Chisolm Corp.

    Siewert Equipment Co., Inc.

    Metro Group

    Sonitrol

    Recycle Inc. East

    Brewer and Newell Printing Corp.

    Air Products (a/k/a Air Gas)

- (u) Rebuttal or impeachment witnesses as necessary (approximately twenty individuals), including but not limited to Robert Cannon, Sharon Williams-Davis, Eugene Zawodny, Patricia Berkley, Dennis York, Lisa Murphy, Martha Bass, William Sunday, Pat McHugh, Lee Turnquist, and Ernest Dankert.

- (v) All individuals necessary to authenticate, interpret, identify, and/or introduce any and all exhibits

9. **Exhibits**

**Plaintiff's Exhibits**

- (a) Siewert Equipment Co., Inc. Contract

- (b) Liftech Handling Contract

- (c) Industrial Services of Rochester Contract

- (d) Optimation Technology, Inc. Contract

8

(e) Metro Group Contract

(f) O'Connell Electric Co. Contract

(g) Chisolm Corp. Contract

(h) Recycle, Inc., East Contract

(i) Brewer and Newell Printing Corp Contract

(j) Air Products (a/k/a Air Gas) Contract

(k) All documents listed on Defendant's Exhibit List

  **[Defendant objects to this listing]**

(l) All Exhibits necessary for rebuttal or impeachment of witnesses

(m) Defendant's Description of the Investigation Process

**Defendant's Exhibits**

(a) DuPont Business Ethics Policy and Procedures (D00819-D00826)

(b) DuPont Business Ethics Compliance Report Completed by Samuel Hannah, Jr. (D00481-D00484)

(c) DuPont Summary of Contract Falsification (D00798-D00799 and D00802-D00803)

(d) Section 11 Procurement Guide Completed by Samuel Hannah, Jr. (D00432-D00433)

(e) Validation Test Completed by Samuel Hannah, Jr. (D00473-D00480)

(f) Vendor Contract Files Maintained by Samuel Hannah, Jr., including:

   Liftech Handling Co. (D01089-D01107)

   Industrial Services of Rochester (D01108-D01145)

   Optimation Technology, Inc. (D01146-D01216)

   O'Connell Electric Co. (D01273-D01332)

        Chisolm Corp. (D01333-D01358)

        Siewert Equipment Co., Inc. (D01035-D01088)

        Metro Group (D01217-D01272)

        Sonitrol (D00987-D01033)

        Recycle Inc. East (D01406-D01439)

        Brewer and Newell Printing Corp. (D01440-D01498)

        Air Products (a/k/a Air Gas) (D01359-D01405)

(g) Aug. 14, 2003 Handwritten Notes Prepared by David Mosley (D00945-D00956)

(h) Sept. 2003 Handwritten Notes Prepared by Sofya Geller (D00766-D00787)

(i) Sept. 5, 2003 Handwritten Note Prepared by Samuel Hannah, Jr. (D00787)

(j) Investigation Process Summary (D00761-D00765)

(k) Sept. 15, 2003 DuPont Site Leadership Review (D00758-D00760)

(l) Sept. 23, 2003 DuPont Termination Review (D00368-D00393)

(m) Excerpts from the DuPont Administrative Guide, including:

        Peer Review Grievance Procedure (D00048-D00055)

        Corrective Action Procedure (D00056-D00062)

(n) DuPont Equal Employment Opportunity Postings

(o) Federal Law Postings on Discrimination Laws

(p) People Treatment Report (D00957-D00975)

(q) Site Buyer Position Description (D00749-D00755)

(r) Summary Sheet Prepared by Samuel Hannah, Jr. (D00804-D00818)

(s) Sept. 23, 2003 Peer Review Panel Grievance filed by Samuel Hannah, Jr.

    (D00379)

(t) Oct. 1, 2003 Peer Review Panel Decision on the Grievance filed by Samuel Hannah, Jr. (D00378)

(u) May 29, 2002 Email Correspondence Between Sofya Geller and Samuel Hannah, Jr. (D00389-D00390)

(v) January 13, 2003 Email Correspondence Between Sofya Geller and Samuel Hannah, Jr. (D01034)

(w) BRRP Buy/Release Assessment (D00934-D00944)

(x) Documents received from the representative and/or keeper of records for those vendors whose accounts were serviced by Samuel Hannah, Jr., including:

    Liftech Handling Co.

    Industrial Services of Rochester

    Optimation Technology, Inc.

    O'Connell Electric Co.

    Chisolm Corp.

    Siewert Equipment Co., Inc.

    Metro Group

    Sonitrol

    Recycle Inc. East

    Brewer and Newell Printing Corp.

    Air Products (a/k/a Air Gas)

(y) Documents maintained in Plaintiff's personnel file, including salary and wage documentation

(z) August 2002 Memorandum re: NorthShore Landscaping Co. and Performance Review (D00976-D00989)

(aa) Correspondence from Sonitrol regarding termination of services (D01002-

   D01004).

   (bb) Documents produced by Dr. Ismail B. Sendi

   (cc) Plaintiff's Resumés

   (dd) Documents received from Wayne State University, including transcripts

   (ee) Documents related to Plaintiff's mitigation efforts and employment after his discharge from DuPont, including:
   Home Loan Center documentation
   Sunset Mortgage documentation (including those admitted as Plaintiff's Exhibit 5 to Plaintiff's Deposition).
   Tax records

   (ff) All Exhibits necessary for rebuttal or impeachment of witnesses (approximately six documents and/or files), including documents related to alleged similarly situated employees

**10.** **Damages**

   **Plaintiff**

Plaintiff alleges damages consisting of three years of back pay at $67,990.00 each year from September 23, 2003 to September 2006, i.e., $203,970.00, reduced by interim earnings, and the value of the loss of pension benefits which would have been available to Plaintiff after he had a combination of age and years of service which equaled 85. Plaintiff also seeks front pay and emotional distress damages.

### Defendant

Defendant will not stipulate to Plaintiff's estimation of his purported damages, and disputes the alleged amount of his annual salary.

11. **Trial**

    (a) Plaintiff has demanded a jury trial in this matter.

    (b) The parties estimate that the length of the trial will be five to six days.

12. **Settlement**

The parties have conferred and discussed settlement of this matter on numerous occasions, most recently on August 28 and 29, 2006.

13. **Juror Expenses**

The parties acknowledge that the Court may assess juror expenses under L.R. 38.3.


                                         s/George Caram Steeh
                                         UNITED STATES DISTRICT JUDGE

**WE STIPULATE TO THE ENTRY OF THE ABOVE ORDER:**

| | |
|---|---|
| s/Thomas E. Marshall | s/Ryan K. Mulally |
| Thomas E. Marshall (P30633) | Louis Theros (P42970) |
| Thomas E. Marshall, P.C. | Ryan K. Mulally (P61699) |
| Counsel for Plaintiff | Dickinson Wright PLLC |
| 715 East South Boulevard, Suite 100 | Counsel for Defendant |
| Rochester Hills, Michigan  48307 | 500 Woodward Avenue, Suite 4000 |
| (248) 829-3360 | Detroit, Michigan  48226 |
| tmarshall@lawofficesoftmarshall.com | (313) 223-3500 |
| | ltheros@dickinsonwright.com |
| | rmulally@dickinsonwright.com |

DETROIT  24038-175  946120v7